```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

BORAM PHARM. CO., LTD.           :      CIVIL ACTION
                                 :
         v.                      :
                                 :
LIFE TECHNOLOGIES CORP.          :      NO. 10-31

MEMORANDUM

Bartle, C.J.                                          July 14, 2010

Plaintiff Boram Pharm. Co., Ltd. ("Boram") has filed this action against defendant Life Technologies Corporation for infringement of U.S. Patent No. 7,319,001 related to technology to produce and screen recombinant viruses. Defendant has now moved to transfer venue to the United States District Court for the Southern District of California "for the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a). It is undisputed that this action might properly have been brought in that District.

Boram is a South Korean company that has no relationship to the District of Delaware except that it selected this forum to bring suit. While defendant is a Delaware corporation, its principal place of business is in Carlsbad, in the Southern District of California. The allegedly infringing product, BaculoDirect Baculovirus Expression System (the "Accused Product") was researched, developed, tested, sold, and manufactured there, and it is in the Carlsbad area where at least ten witnesses are located as well as the relevant documents. Of

defendant's 9,000 employees, only six are in Delaware, and none of those six has any involvement with the Accused Product. Over 70 units of the Accused Product have been sold in California and only seven in Delaware. None of the latter sales has occurred since 2007.

The seminal decision in this circuit under which a motion under § 1404(a) must be analyzed is Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). Jumara requires this court to consider various private and public interests in making its decision.

The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records. Id. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. 879-80.

There is a presumption against transfer when the plaintiff's "home turf" is Delaware.  Joint Stock Soc'y v. Heublein, Inc., 936 F. Supp. 177, 186 (D. Del. 1996).  Since in this case Boram's home turf is South Korea, its choice is given less weight, particularly where as here it has no relationship to the forum.  See Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633-34 (3d Cir. 1989).  Nor is the fact that defendant is a Delaware corporation of great moment under the circumstances presented before us.  See AVP N. Am., Inc. v. Sig Simonazzi N. Am., Inc., 295 F. Supp. 2d 393, 398-99 (D. Del. 2002).

The critical factors in this case are the convenience of the parties and the witnesses.  Defendants have identified ten key witnesses in Southern California.  The non-party witnesses are within that court's subpoena power.  Southern California is also where the key research, testing, development, marketing, sales, and manufacture of the Accused Product have taken place.  It is where the books and records are located.  In contrast, no witnesses or documents are identified as being in Delaware or within the subpoena power of this court.

We will also take judicial notice that travel between South Korea and Southern California is less onerous and more convenient than between South Korea and the state of Delaware.  The discovery, pretrial preparation and trial will be easier, more expeditious and less expensive in the Southern District of California than in the District of Delaware.  The fact, as plaintiff notes, that the parties are large corporations and by

implication can afford to indulge in litigation in this, the more expensive forum, is no reason for the court to countenance this indulgence.

We reiterate the words of § 1404(a) which provides for transfer "for convenience of the parties and witnesses, in the interest of justice." Clearly "convenience" and "the interest of justice" support the change of venue. Accordingly, the court will grant the motion of the defendant to transfer this action to the United States District Court for the Southern District of California.