# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORAM PHARM. CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LIFE TECHNOLOGIES CORPORATION,<br><br>Defendant. | Case No. 3:10-CV-1581 – JLS – NLS<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Boram Pharm. Co., LTD. and defendant Life Technologies Corporation, by and through their respective counsel, hereby stipulate to the following Protective Order:

1. This Protective Order applies to confidential information, documents, and other things produced, served or otherwise provided in this action by the parties or by third parties, including without limitation, deposition testimony, documents produced, answers to interrogatories, responses to requests for admissions, tangible objects, and all other discovery taken pursuant to the Federal Rules of Civil Procedure that any party or third party designates as "Confidential" or "Highly Confidential."

2. A party or third party may designate as "Confidential" any material that the party reasonably believes constitutes or includes proprietary business or financial information which if disclosed could be potentially prejudicial to the business or operations of such party. A party or third party may designate as "Highly Confidential" any material that the party reasonable believes

1. is (i) among that considered to be most sensitive by the party (including but not limited to trade secret or other confidential research, development, financial or other commercial information), (ii) protected from disclosure by state or federal law, or (iii) information furnished to it in confidence by any third-party, which information is not known or freely accessible to the general public.

3. Information or material designated "Confidential" may be disclosed only to those persons identified in paragraph 7 below. Information or material designated "Highly Confidential" may be disclosed only to those classes of persons identified in paragraph 8 below. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all information designated "Confidential" or "Highly Confidential" shall be used solely in connection with this litigation, and not for any business, competitive, governmental, or other purpose, and such information shall not be disclosed by the receiving party to anyone except as provided under the terms of this Protective Order.

4. [Not used.] .

5. A party or third party seeking protection shall designate information or material as "Confidential" or "Highly Confidential" as follows:

    a. in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (other than deposition transcripts or other pretrial or trial testimony): by putting the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as the case may be, on each page of any document containing any confidential information or material;

    b. in the case of deposition transcripts or other pretrial or trial testimony: (1) by counsel's statement on the record during the deposition or other pretrial or trial proceeding that the entire transcript or a portion of it shall be designated "Confidential" or "Highly Confidential;" or (ii) by counsel's written notice of such designation sent to all parties within fifteen (15) court days after the transcript of the deposition is received by the parties. The

parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential" until the expiration of that fifteen (15) day period. Unless so designated, a party waives any confidentiality after the expiration of the 15-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at the deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Highly Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped "Confidential" or "Highly Confidential," as the case may be, and access to it shall be limited pursuant to the other provisions of this Protective Order.

6. When the receiving party wishes to designate as "Confidential" or "Highly Confidential" materials produced by another party, such designation shall be made within thirty calendar days (30) of the production of the materials by notice to all parties and to any third-party producing the material. The notice shall identify the materials to be designated with particularity (by production number or by providing other adequate identifying information). Such notice shall be sent by email or facsimile and by regular mail. Upon notice of designation pursuant to this section, all parties subject to this Protective Order receiving notice of the requested designation of materials shall (a) make no further disclosure of the material or information contained in it, except as this Protective Order allows; (b) take reasonable steps to notify any persons known to have possession of or access to such materials of the re-designation of any materials; and (c) take reasonable steps to reclaim or prevent access to such material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order.

7. Information or material designated as "Confidential," or copies or extracts from it and compilations and summaries of it, may be disclosed, summarized, described, characterized, or

otherwise communicated or made available in whole or in part only to the following persons;

    a.    parties' outside counsel of record in this action and regular employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation

    b.    for a party up to five (5) designated representative(s) of each party, including no more than four (4) in-house counsel, together with their paralegal assistants and staff, whose assistance its outside counsel needs for this litigation; each party shall disclose its designated representative(s) within thirty (30) calendar days of the entry of this Protective Order, but shall not be precluded from seeking the other party's permission to designate other representatives or de-designate the originally designated representative;

    c.    the Court;

    d.    court reporters employed in connection with this action;

    e.    in the case of a proceeding in the U.S. Patent and Trademark Office ("PTO"), to the PTO so long as the submission procedure of MPEP §724.02, entitled "Method of Submitting Trade Secret, Proprietary, and/or Protective Order Materials," (or superseding provision) is followed;

    f.    subject to the provisions of paragraphs 10 and 11, outside experts, advisors, consultants or investigators (including their employees and support staff) whom counsel of record retains in this litigation ("Permitted Persons"), provided that such Permitted Persons shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business. Such Permitted Persons must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

    g.    graphics or design services retained by counsel for a party for purposes of

preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with paragraph 11;

    h.    non-technical jury or trial consulting services whom counsel for a party retains, subject to and conditioned upon compliance with paragraph 11;

    i.    any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with paragraph 11.

8. Information or material designated as "Highly Confidential," or copies or extracts from it and compilations and summaries of it, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a.    parties' outside counsel of record in this action and regular employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation except that a party's outside counsel of record and regular employees of such counsel that are involved in patent prosecution or patent portfolio management for a party may not be given or obtain such "Highly Confidential" information or material;

    b.    subject to the provisions of paragraphs 10 and 11, Permitted Persons, provided that such Permitted Persons shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business. Permitted Persons must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action or any other action between the parties;

    c.    the Court;

    d.    court reporters employed in connection with this action;

    e.    in the case of a proceeding in the PTO, to the PTO so long as the

submission procedure of MPEP §724.02, entitled "Method of Submitting Trade Secret, Proprietary, and/or Protective Order Materials," (or superseding provision) is followed;

    f.    no more than four (4) in-house counsel, together with their paralegal assistants and staff, whose assistance its outside counsel needs for this litigation, except that in-house counsel, paralegal assistants and staff that are involved in patent prosecution or patent portfolio management may not be given or obtain such "Highly Confidential" information or material; each party shall disclose its designated in-house counsel within thirty (30) calendar days of the entry of this Protective Order, but shall not be precluded from seeking the other party's permission to designate other in-house counsel or de-designate the originally designated in-house counsel;

    g.    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with paragraph 11;

    h.    non-technical jury or trial consulting services whom counsel for a party retains, subject to and conditioned upon compliance with Paragraph 11;

    i.    any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with paragraph 11.

9.    The undersigned counsel shall maintain a list of persons to whom "Confidential" or "Highly Confidential" material is disclosed, and that list shall be available to the Court for inspection. Any person receiving "Confidential" or "Highly Confidential" material is enjoined from disclosing it to any other person, except as permitted by this Order.

10.    A party desiring to disclose documents or things designated "Confidential" or "Highly Confidential" to Permitted Persons under paragraphs 7 or 8 shall first serve on the outside

counsel for the other party the following materials each Permitted Person: (1) a signed copy of the form attached as Exhibit A (the "Acknowledgment"); (2) a current resume (or curriculum vitae); (3) a list of all publications authored in the prior ten years; (4) a list of all other cases in which, during the previous four years, the Permitted Person has testified as an expert at trial or deposition; (5) a statement as to whether the Permitted Person has been employed by or consulted by a party in this action or a party that competes or competed with the party to whom consent to the disclosure is sought [related to the subject matter of this litigation] , and a statement of the nature of the employment or consultation including the dates thereof[, to the extent that such disclosure shall not place such Permitted Person in breach of any other confidentiality agreement].  The designating party shall then have ten (10) court days from receipt of the aforementioned materials to serve a written objection to such disclosure.  Any written objection shall state with specificity the reason(s) for such objection.  Objections to disclosure shall be made only in good faith.  If counsel for the designating party objects within ten (10) court days, there shall be no disclosure to the Permitted Person except by the parties' agreement or further order of the Court.  If, within the ten (10) court-day period, the designating party objects to the disclosure, counsel shall consult with each other in an attempt to reach an agreement.  Failing that and for good cause shown, the party proposing the Permitted Person may file a motion seeking permission to make the disclosure.  On any such motion, the designating party shall bear the burden of showing why disclosure of "Confidential" or "Highly Confidential" information to that expert or consultant should be precluded.  No document or communication generated by or for any expert or to or from any expert (as the term "expert" is used in F.R.C.P. 26) in this litigation involving Plaintiff and Defendant as a party will be subject to discovery or disclosure or inquiry at trial, including:  (1) communications between counsel and its experts, and (2) notes, drafts, and other types of preliminary work done by or for experts, including draft expert reports.  Notwithstanding the foregoing limitations, the following may be the subject of discovery or disclosure or inquiry at trial:  (1) anything which the expert has relied on in formulating, preparing, and/or rendering an expert opinion, (2) anything (other than materials described immediately above) which the expert

has considered in formulating, preparing and/or rendering an expert opinion, (3) any expert reports, expert opinions, and expert testimony previously provided, subject to any third party obligations, (4) the identity of any person who participated in the drafting or editing of that expert's report in this or any other litigation, including identification of the portions that person participated in drafting or editing, and (5) communications between experts and clients (or among experts).

11. Except as required in sub-paragraphs a), c), d) and e) of paragraphs 7 and 8, above, all persons given access to information or material designated as "Confidential" or "Highly Confidential" shall first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached as Exhibit A.

12. Any person may be examined as a witness at trial, during a court proceeding or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential" which that person had lawfully received or authored before and apart from this action. During examination, a party may show any such witness information or material designated as "Confidential" or "Highly Confidential" which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness's compliance with paragraph 11. The designating party shall have the right to exclude all persons not authorized to have access to information and materials that have been designated "Confidential" or "Highly Confidential" from that portion of the deposition in which such information is disclosed, and may request the Court to exclude all persons not authorized to have access to information and materials that have been designated "Confidential" or "Highly Confidential" from that portion of the trial or court proceeding in which such information is disclosed.

13. If a party wishes to submit to the Court any document or material that comprises, embodies, summarizes, discusses, or quotes from "Confidential" or "Highly Confidential"

material, the party shall lodge such document or material as "provisionally sealed," accompanied by the following statement:

### "CONDITIONALLY UNDER SEAL"

"This envelope is being lodged as conditionally sealed pursuant to Order of the Court, and contains protected material filed in this action by [name of party], and is not to be opened or the contents thereof displayed or revealed except by order of the Court. The enclosed record is subject to a motion to file the record under seal."

Where reasonably practical, only the "Confidential" or "Highly Confidential" material or those portions of the documents that contain "Confidential" or "Highly Confidential" material shall be marked as provisionally sealed. Any such filing shall be served by personal delivery. The party that designated the material as "Confidential" or "Highly Confidential" shall have five (5) court days from such service to file a motion to seal the subject material. The parties agree that such motion may be filed *ex parte* and on shortened time. By complying with this paragraph, however, no party waives its right to seek relief pursuant to paragraph 14 of this Protective Order. Nothing in this section shall prevent a party from filing its own "Confidential" or "Highly Confidential" material not under seal, or prevent a party from obtaining agreement from the party that designated the material "Confidential" or "Highly Confidential" that the material need not be filed under seal.

14. A party or third party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential" designation when made, and failure to do so shall not preclude a subsequent challenge. A party may challenge another party's designation by serving a written objection to the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) court days after receiving any written objection. The parties shall confer in good faith about the validity of the designation within five (5) court days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement about the designation, the objecting party may make an appropriate application to this Court after conferring with the producing party, with confidential portions to be filed provisionally under seal, requesting

that specifically identified documents, information, and/or testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

15. All "Confidential" or "Highly Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in this Protective Order.

16. All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential" or otherwise complying with the terms of this Protective Order, shall not:

    a. operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential" contains or reflects trade secrets, or proprietary or commercially sensitive information, or any other type of confidential information;

    b. operate as an admission by any party that the restrictions and procedures set forth constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Confidential–Attorney's Eyes Only;"

    c. prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, testimony, or other evidence subject to this Protective Order;

    d. prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

  e. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

  f. prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Confidential" or "Highly Confidential" information or materials itemized in paragraphs 1 and 2, above, are properly designated "Confidential" or "Highly Confidential;" or

  g. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

18. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained in this Protective Order shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

  a. the parties agree should not be designated Confidential or Highly Confidential Information;

  b. was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

  c. is already public knowledge or becomes publicly known through no fault or act of such party; or

  d. is rightfully received by such party from a third party which has authority to provide such information of material and without restriction as to disclosure.

19. In the event that information requested from a party contains a third-party's confidential or proprietary information, the producing party will make a good faith attempt to

obtain consent of the non-party prior to disclosing such information.  If the producing party cannot obtain the third-party's consent, the producing party will notify the requesting party of the existence of the information.  If possible, the producing party may also redact the third party's confidential information to protect the third-party's interests.  Nothing in this Protective Order shall be interpreted to affect any party's obligation to produce responsive documents or information, notwithstanding the fact that it may contain a third-party's confidential or proprietary information.

20. Prior disclosure of material later designated as "Confidential" or "Highly Confidential" shall not constitute a violation of this Protective Order.  The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its "Confidential" or "Highly Confidential" nature.  If a party inadvertently produces or discloses "Confidential" or "Highly Confidential" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it is obvious from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party.  The producing or disclosing party must notify (in writing and with particularity) the receiving party regarding the error of inadvertent production or disclosure.  As soon as the receiving party becomes aware of the inadvertent production or disclosure, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to secure the return of such information.  If a third party refuses to return such material, the party that has later designated the information "Confidential" or "Highly Confidential" bears the burden of seeking appropriate relief from the Court.

21. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or

in part, of any otherwise valid claim of privilege, immunity, or other protection; and, (b) failure to assert a privilege and/or work product argument in this litigation as to one document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter. In the case of inadvertently produced privileged and/or work product material, when a recipient becomes aware that he or she has received material that clearly was inadvertently produced, or upon a request made by a producing party, the material together with all copies and any notes (except for privileged markings by the recipient) regarding the material shall be returned within ten (10) court days to the producing party. Furthermore, all electronically stored copies shall be removed from any of the receiving party's databases. Any party may, within ten (10) court days after notification of the inadvertent disclosure under this paragraph, object to the claim of inadvertence by notifying the producing party in writing of that objection and specifying the designated material to which the objection is made; however, such objection shall not relieve the receiving party from returning such material and removing electronically stored copies thereof from the receiving party's databases. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege by submitting a written challenge to the Court.

22. This Protective Order shall govern discovery and all pretrial and trial proceedings in this action and any and appeals therefrom. Nonetheless, each party shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties for good cause.

23. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative order that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Court had entered the Protective Order.

24. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, shall survive termination of this action. Within sixty

(60) days of the final resolution of this litigation, including any and all appeals, all "Confidential" or "Highly Confidential" material, including any copies and extracts of that material, shall be, at the producing party's option, either (1) returned to the party that produced it, or (2) destroyed. Notwithstanding the foregoing, counsel for each party may retain (1) all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate "Confidential" or "Highly Confidential" material, (2) correspondence and records that refer to or incorporate "Confidential" or "Highly Confidential" material, (3) transcripts and discovery responses designated as containing "Confidential" or "Highly Confidential" material, and (4) attorney and consultant work product materials that contain "Confidential" or "Highly Confidential" material. All persons who have or had in their possession "Confidential" or "Highly Confidential" material shall certify in writing that they have complied with this section.

25. In the event that any information or material designated as "Confidential" or "Highly Confidential" is used in any court proceeding in this action or any appeal, such information or material shall not lose its status as "Confidential" or "Highly Confidential" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and, subject to court approval, shall incorporate such procedures, as appropriate, in the pre-trial order.

26. If any party (a) is subpoenaed in another action, (b) is served with a discovery demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential" by someone other than that party, the party shall give prompt written notice, by hand delivery, or email or facsimile transmission, within ten (10) court days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential." Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand, or other legal process, the party shall

respond by setting forth the existence of this Protective Order. Nothing in this Protective Order shall be construed as requiring the party or anyone else covered by this Protective Order, once the party gives such notice, to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Once a party gives notice pursuant to this provision, it shall be the obligation of the party or person that designated the information or materials at issue to challenge such a subpoena, demand, or other legal process, and not the obligation of the party or person that received the subpoena, demand, or other legal process.

27. Transmission by facsimile or electronic mail is acceptable for all notification purposes within this order as well as service of any documents or pleadings not subject to the ECF system of the Court.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court retains jurisdiction to enforce this Protective Order and may modify the protective order in the interests of justice or for public policy reasons.

We stipulate to these provisions and ask the Court to enter this Protective Order.

DATED: October 13, 2010          SOLOMON WARD SEIDENWURM & SMITH, LLP

*s/ Edward J. McIntyre*
EDWARD J. MCINTYRE
Attorneys for Plaintiff, Boram Pharm. Co., LTD.

DATED: October 13, 2010          GORDON & REES LLP

By:  *s/ Matthew D. Murphey*
MATTHEW D. MURPHEY
Attorneys for Defendant, Life Technologies Corporation

1  UPON THE STIPULATION OF COUNSEL, AND FOR GOOD CAUSE,
2  IT IS SO ORDERED.
3
4  Dated: _____   _____
5
6                                   HON. NITA L. STORMES

# EXHIBIT A

## CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL

I, _____, certify that I understand that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ in *Boram Pharm. Co., Ltd. v. Life Technologies Corporation*, pending in the United States District Court, Southern District of California, Case No: 3:10-CV-01581-JLS (NLS). My address is _____. My present occupation is _____. I have been given a copy of that Protective Order and read it, and I agree to be bound by the Protective Order. I will not reveal Confidential Material and Highly Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Material and Highly Confidential Material —including copies, notes, or other transcriptions made from it—in a secure manner to prevent unauthorized access to it. No later than thirty (30) calendar days after the final resolution of this action, I will return the Confidential Material and Highly Confidential Material —including copies, notes, or other transcriptions made from it—to the counsel who provided me with the Confidential Material and Highly Confidential Material. I consent to the jurisdiction of the United States District Court, Southern District of California, for the purpose of enforcing the Protective Order.

Executed this _____ of _____, 20__, at _____, _____.

I declare under penalty of perjury that the foregoing is true and correct.

_____

P:00577490:57145.002                                    17                                    10-CV-1581
STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Exhibit 1
Page 17